UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GERALD GETER,

     Plaintiff,

vs.                                                                                Case No. 10-12750

MORTGAGE ELECTRONIC REGISTRATION                          HON. AVERN COHN
SYSTEMS, INC.,

     Defendant.

_____/

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 9)[1] AND DISMISSING CASE

I.  Introduction

This is one of an increasing number of cases filed in this district challenging a foreclosure.  In 2006, plaintiff Gerald Geter borrowed $72,000.00 from America's Wholesale Lender to purchase a home in Detroit.  The loan was secured by a mortgage.  After plaintiff defaulted on the loan, defendant Mortgage Electronic Registration System, Inc. ("MERS"), foreclosed and purchased the property at the sheriff's sale.  After the six month redemption period expired, MERS initiated eviction proceedings against plaintiff in 36th District Court.  MERS later obtained an eviction order.  Plaintiff, proceeding pro se, then sued MERS in state court by filing a pleading entitled "Petition in the Nature of a Quiet Title Action and Claim," essentially challenging the foreclosure and eviction.  MERS removed the case to federal court on the grounds

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

that the complaint presents federal claims.

Before the Court is MERS's motion for judgment on the pleadings.  For the reasons that follow, the motion will be granted.  MERS also moves for an order enjoining plaintiff from filing future claims in this court arising from the foreclosure, consent judgment or eviction.  This request will be denied; however, plaintiff will be placed on notice as to future frivolous filings.

## II.  Background

On November 2, 2006, plaintiff borrowed $75,000.00 from America's Wholesale Lender to purchase a home in Detroit.  In connection with transaction, plaintiff signed a note requiring that he make monthly mortgage payments.  To secure the loan, plaintiff also executed a Mortgage.  The Mortgage granted MERS "acting solely as nominee for [America's Wholesale Lender] and [America's Wholesale Lender] successor and assigns" a security interest in the property.  The Mortgage says that "MERS is the mortgagee under this Security Instrument."  America's Wholesale Lender is listed as the "Lender" on the Mortgage.  The Mortgage was recorded.

Plaintiff fell into default very shortly thereafter.  BAC Home Loan Servicing ("BAC"), the entity that serviced the loan, says that plaintiff last made a mortgage payment on March 26, 2007, representing the February 2007 payment.  Plaintiff has made no further mortgage payments.  BAC subsequently sent plaintiff notices of default, which among other things, provided him with options to possibly prevent a foreclosure, including payment assistance, a loan modification, or sale of the property.  Plaintiff did not pursue any of these options and therefore remained in default.

BAC retained a law firm, Orlans Associates, P.C. ("Orlans") to handle the

foreclosure proceedings on MERS's behalf.  Orlans commenced foreclosure by advertisement proceedings.  On July 9, 2007, Orlans posted a notice on the property.  Notice was also published in the Detroit Legal News for 4 consecutive weeks.  On September 5, 2007, MERS purchased the property for $60,300.00 at a sheriff's sale.  The deed was recorded.  On March 5, 2008, the redemption period expired.

Orlans, on behalf of MERS, commenced eviction proceedings.  On April 7, 2008, plaintiff signed a consent judgment in state court, agreeing to vacate the property by May 7, 2008.  Plaintiff failed to do so.  Orlans then obtained a writ of eviction.  When plaintiff still failed to leave the property, court officers completed a lock out on May 23, 2008.  Plaintiff, however, still continued to occupy the property, causing additional lock outs.

Beginning in 2008, several lawsuits were filed regarding the property.  On September 30, 2008, Yohaaness Vuaai El, a person who claimed to be an occupant of the property, filed suit against MERS in federal court to establish possession.  Vuaai El v. MERS, 08-14190 (E.D. Mich. 2008).  The district court, adopting the report and recommendation of a magistrate judge, dismissed the case for lack of subject matter jurisdiction, lack of standing and for failure to state a claim.  Thereafter, plaintiff filed at least three bankruptcy petitions in this district, two of which were dismissed and the third of which MERS was granted relief from the automatic stay to pursue eviction.  Plaintiff also filed two adversary proceedings in the bankruptcy court, which were dismissed for improper service.  According to MERS, there are no open bankruptcy cases relating to plaintiff at this time.

On June 15, 2010, plaintiff filed the instant case in state court, which, as noted

3

above, defendant removed to federal court.

### III.   Judgment on the Pleadings

Fed. R. Civ. P. 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law.  Beal v. Missouri Pacific R.R., 312 U.S. 45 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, p. 518.

The Court of Appeals for the Sixth Circuit has stated that a district court must consider a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion.  Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C, 477 F.3d 383, 389 (6th Cir. 2007).  In facing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1964-65 (citations omitted); <u>Association of</u>

<u>Cleveland Fire Fighters v. City of Cleveland</u>, 502 F.3d 545, 548 (6th Cir. 2007).  Even

though a complaint need not contain "detailed" factual allegations, its "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."

<u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1965 (citations omitted).

## IV.  Analysis

As MERS notes, the complaint is virtually unintelligible and contains a plethora of

legal citations and references to state and federal law.  MERS, however, has been able

to discern what appear to be various state and federal claims.  The Court accepts

MERS's liberal construction of the complaint and follows the analysis of the various

claims as set forth in its motion papers.

### A.  National Banking Act

Plaintiff references the National Banking Act.  He appears to allege that under

this act, all mortgages and debts held by banking associations become unlawful after

five years.  The act does not so provide.   This claim must be dismissed.

### B.  Fair Debt Collection Practices Act

The complaint also includes citations to the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, et seq.  This claim also fails.  "The Fair Debt Collection Practices Act

(FDCPA), 15 U.S.C. § 1692 et seq., imposes civil liability on 'debt collector[s]' for certain

prohibited debt collection practices."  <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich</u>

<u>LPA</u>, --- U.S. ----, 130 S.Ct. 1605, 1606 (2010).  A "debt collector" includes people "who

regularly collects or attempts to collect, directly or indirectly, debts owed [to] ... another."

15 U.S.C. § 1692a(6).  The statue excludes certain persons from the definition of "debt

collector:"

> any person collecting or attempting to collect any debt owed or due or asserted
> to be owed or due another to the extent such activity (i) is incidental to a bona
> fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt
> which was originated by such person; (iii) concerns a debt which was not in
> default at the time it was obtained by such person; or (iv) concerns a debt
> obtained by such person as a secured party in a commercial credit transaction
> involving the creditor.

15 U.S.C. § 1692a(6)(F).  The FDCPA is "directed solely to the conduct of debt

collectors, not creditors, and a creditor means any person to whom a debt is owed."

Bridge v. Ocwen Fed. Bank, 669 F. Supp. 2d 853, 857 (N.D. Ohio 2009) (citing 15

U.S.C. § 1692a(4), (6)).  "A creditor is not a debt collector for purposes of the FDCPA

and creditors are not subject to the FDCPA when collecting their accounts."

Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003).

Here, plaintiff has not made any allegations that could lead the Court to conclude

that MERS is a debt collector as defined in the FDCPA.  Plaintiff has not made

allegations that MERS "regularly collects or attempts to collect, directly or indirectly,

debts owed [to] ... another." 15 U.S.C. § 1692a(6).  Moreover, the statute only governs

third party debt collectors, not creditors.  From the mortgage documents, MERS was the

mortgagee, which means that it is a creditor, not debt collector.  As such, plaintiff has

not stated a claim under the FDCPA.

### C.  Racketeer Influenced and Corrupt Organization Act

Plaintiff also references the Racketeer Influenced and Corrupt Organization Act,

18 U.S.C. § 1961 ("RICO").  "To establish a RICO violation under § 1962(c), a plaintiff

must allege that the RICO enterprise engaged in a 'pattern of racketeering activity'

6

consisting of at least two predicate acts of racketeering activity occurring within a

ten-year period."  Moon v. Harrison Piping Supply, 465 F.3d 719, 723 (6th Cir. 2006).

"The alleged predicate acts may consist of offenses 'which are indictable' under any

number of federal statutes," including the mail fraud statute, 18 U.S.C. § 1341. Id.

Plaintiff has failed to allege any facts to support a RICO claim.  At best, plaintiff

alleges that the recording of false documents with the Wayne County register of deeds

deprived him of his interest in the property.  Plaintiff has failed to allege any other

schemes, purposes, or injuries other than the wrongful foreclosure and loss of the

property.  Further, plaintiff has failed to allege any "facts suggesting that the scheme

would continue beyond the Defendants accomplishing their goal of terminating

[plaintiffs' interest in the Property."  Moon, supra, 725.  As in Moon, the origination and

servicing of a single loan "does not bear the markings of the 'long-term criminal conduct'

about which Congress was concerned' when it enacted RICO."  Moon, supra, 725-726.

Accordingly, this claim must be dismissed.

### D.  Fraud

Plaintiff also claims fraud.  Under Michigan law, actionable fraud requires proof:

> (1) That defendant made a material representation; (2) that it was false; (3) that
> when he made it he knew that it was false, or made it recklessly, without any
> knowledge of its truth and as a positive assertion; (4) that he made it with the
> intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance
> upon it; and (6) that he thereby suffered injury.

U.S. Fidelity and Guaranty Co. v. Black, 412 Mich. 99, 114 (1981) (quoting Hi-Way

Motor Co. v. Int'l Harvester Co., 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976)).

Plaintiff, however, has not plead this claim with particularity as required by Fed.

R. Civ. P. 9(b).  To meet the particularity requirements of Rule 9(b), the plaintiff must

"specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." <u>Frank v. Dana Corp.</u>, 547 F.3rd 564, 569-570 (6th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548 (quoting <u>Bell Atlantic</u>, 127 S.Ct. at 1964-65). At best, plaintiff alleges that MERS defrauded the court by filing a false claim and counterfeiting security deposits. This is insufficient. As such, plaintiff fails to state a fraud claim.

### E.  Constructive Notice and Conditional Tender of Payment

Plaintiff's complaint identifies two documents he says he gave to MERS before filing suit, entitled "Constructive Notice" and "Conditional Tender of Payment." These documents are alleged to have given notice to MERS that plaintiff believed the Mortgage was void. As MERS points out, neither document rises to a cause of action or otherwise entitles plaintiff to relief from the foreclosure.

### F.  Duress

Plaintiff alleges he signed the consent judgment under duress. "To succeed with respect to a claim of duress, plaintiffs must establish that they were illegally compelled or coerced to act by fear of serious injury to their persons, reputations, or fortunes. "Fear of financial ruin alone is insufficient to establish economic duress; it must also be established that the person applying the coercion acted unlawfully." <u>Enzymes of America, Inc. v. Deloitte, Haskins & Sells</u>, 207 Mich. App. 28, 35 (1994) (citations

omitted), rev'd in part on other grounds, 450 Mich. 889 (1995).

Plaintiff has not alleged any actual or threatened injury to himself, reputation or

fortune that illegally compelled him to enter into the consent judgment.  This claim must

therefore be dismissed.

### G.   Lack of Jurisdiction - Sham Legal Process - Void Judgment

Plaintiff says that the consent judgment MERS obtained in the 36th District Court

is invalid because the state court lacked jurisdiction.  This argument lacks merit.

Michigan law clearly provides that district courts "have jurisdiction over summary

proceedings to recover possession of premises . . ." M.C.L. § 600.5704.  No facts have

been alleged to show a sham legal process or void judgment.  As outlined above, and in

further detail in MERS's motion papers, MERS followed all required procedures to

lawfully obtain title to and possession of the property.  Most notably, MERS, as nominee

for the lender, had a right to foreclose.  M.C.L. § 600.3204(1)(d); Roper v. MERS, 2007

WL 3244754 *3 (E.D. Mich. Nov. 1, 2007).

Moreover, to the extent plaintiff is attacking a state court judgment, this Court is

barred from reviewing it.  The Rooker-Feldman[2] doctrine prohibits federal courts, other

than the United States Supreme Court, from exercising "appellate jurisdiction over the

decisions and/or proceedings of state courts, including claims that are 'inextricably

intertwined' with issues decided in state court proceedings." Executive Arts

Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004) (citations

---

[2]The Rooker-Feldman doctrine is named for Rooker v. Fidelity Trust Co.,
263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460
U.S. 462 (1983.)

omitted).  Recently, the Supreme Court explained that the <u>Rooker-Feldman</u> doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp., v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).  The <u>Rooker-Feldman</u> doctrine primarily bars claims that seek relief from injury caused by the state court judgment. <u>Hamilton v. Herr</u>, 540 F.3d 367, 372 (6th Cir. 2008) (internal quotation marks and citations omitted).

Here, the consent judgment provided MERS with possession of the property against plaintiff.  It is apparent that plaintiff's complaint seeks relief from an injury caused by the state court judgment; in general, the foreclosure and subsequent eviction proceedings.  Plaintiff is, therefore, complaining about the state court system and his present action fits squarely within the narrow range of cases the <u>Rooker-Feldman</u> doctrine seeks to prevent.

### H.  Violation of Automatic Stay

Plaintiff alleges that MERS violated the automatic stay by attempting to take over possession of the property after plaintiff filed three bankruptcy petitions.  MERS says that due to the frequency of plaintiff's bankruptcy filings, "it is possible" that some steps may have been taken to evict plaintiff while the bankruptcy cases were pending. However, MERS says once it became aware of an open bankruptcy matter, it filed a motion and obtained a order from the bankruptcy court granting relief from the stay. Moreover, plaintiff remained in possession during the course of the bankruptcy cases because MERS was, and still is, unable to successfully evict him.  Overall, there is no

10

basis for finding that MERS violated the automatic stay.

## I.  Trespass - Theft - Embezzlement

Plaintiff claims that MERS has trespassed, stolen and otherwise improperly taken his property.  Plaintiff also says that officers attempted to break in the house and some fixtures were removed.  MERS notes that on at least four occasions it obtained writs requiring court officers to lock plaintiff out of the property, to no avail.  Plaintiff is the trespasser, not MERS.  MERS obtained a judgment of possession over two years ago.  There is no basis for a trepass, theft, or embezzlement claim against MERS.

## V.  Injunction

MERS also moves for an order prohibiting plaintiff from filing future claims in this court arising from the foreclosure, consent judgment or eviction.  Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.  Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986).  Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others.  Id.  To achieve these ends, the Sixth Circuit has approved enjoining vexatious litigants by requiring them to obtain leave of court before submitting additional filings.  Filipas v. Lemons, 835 F.2d 1145 (6th Cir.1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar.15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).

Although plaintiff's complaint is frivolous, it is the first of such actions filed in this court.  While he has filed several actions in bankruptcy court and has otherwise made it

difficult for MERS to exercise its right to possession, the Court is not inclined to issue an injunction at this time.  However, plaintiff is on notice that any future filings in this court regarding the foreclosure, consent judgment or eviction, which are equally likely to be frivolous, may subject him to an injunction.

## VI.  Conclusion

For the reasons stated above, MERS's motion for judgment on the pleadings is GRANTED.  This case is DISMISSED.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 10, 2011


I hereby certify that a copy of the foregoing document was mailed to Gerald Geter, P.O. 04394, Detroit, MI 48204 and the attorneys of record on this date, February 10, 2011, by electronic and/or ordinary mail.


S/Julie Owens
Case Manager, (313) 234-5160